UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNSON CHIROPRACTIC CENTER, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CV83 HEA |
| ) | |
| DR DAVID J. CLARK, ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 5]. Plaintiff has failed to respond.[1] For the reasons set forth below, Defendant's motion to dismiss is granted.

Plaintiff filed this action in the Circuit Court of St. Louis County, Missouri alleging that it is the assignee of Dr. Michael Johnson, Michele Johnson and Apple Medical Center, S.C.'s cause of action against Defendant. Plaintiff seeks damages from the Defendant alleging liable *per se*, defamation and copyright infringement. Defendant removed this action pursuant to the Court's diversity of citizenship jurisdiction, 28 U.S.C §1332. Defendant is a citizen of the State of North Carolina and Plaintiff is a Missouri Limited Liability Company with its principal place of business in the State of Missouri.

---

[1] Pursuant to the Court's Local Rules, the failure to respond to the motion may be considered a concession of the merits of Defendant's Motion. See, Local Rule 7-4.01.

## Facts and Background[1]

Plaintiff makes the following allegations in the Complaint: Dr. Michael Johnson is a practitioner of Chiropractic medicine and practices out of Apple Medical Clinic, S. C. (Clinic) located in Appleton, Wisconsin. The Clinic also engages in marketing services for other chiropractors on a national level.

Based upon therapies and protocols developed for patients suffering from fibromyalgia and thyroid disorders, Plaintiff Johnson began marketing a business Method to other chiropractors via the internet.

Defendant presented a seminar in Texas, during which it is alleged that he made intentionally false statements about Dr. Michael Johnson. A video of that seminar is available for purchase on Defendant's website. Plaintiff contends Defendant has committed libel and slander against Dr. Michael Johnson, Michele Johnson and Apple Medical Clinic, S.C.

## Legal Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss, such as filed here, for "lack of personal jurisdiction." Fed.R.Civ.P. 12(b)(2).

---

[1] The factual background is taken from the parties' pleadings and is set forth for the purpose of this motion only. It in no way relieves any party of the necessary proof of said facts in later proceedings.

"To allege personal jurisdiction, 'a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir.) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir.2004)), cert. denied, __U.S. __, 131 S.Ct. 472 (2010). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Id*. Its "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id*. (internal quotation marks omitted). *Dairy Farmers*, 702 F.3d at 474–75 (8th Cir.2012); *Pangaea, Inc. v. Flying Burrito, L.L.C.*, 647 F.3d 741, 744–45 (8th Cir.2011) ("Where, as here, 'the district court does not hold a hearing and instead relies on pleadings and affidavits, ... the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party.'" (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir.1991), with internal citations omitted).

Although the Court may consider affidavits and other matters outside of the pleadings on a Rule 12(b)(2) motion, the pleader's burden, in the absence of an evidentiary hearing, is only to make a "minimal" *prima facie* showing of personal

jurisdiction, and the Court "must view the evidence in the light most favorable to the [pleader] and resolve all factual conflicts in its favor in deciding whether the [pleader] has made the requisite showing." *K–V Pharm. Co. v. Uriach & CIA, S.A.*, 648 F.3d 588, 581–82 (8th Cir.2011). Notwithstanding that facts are viewed in the light most favorable to the pleader, "'[t]he party seeking to establish the court's *in personam* jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." *Viasystems, Inc.*, 646 F.3d at 592 (quoting *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir.2003)). The Eighth Circuit Court of Appeals reviews *de novo* orders granting dismissals pursuant to Rule 12(b)(2). *Johnson v. Arden*, 614 F.3d 785, 793 (8th Cir.2010).

The exercise of personal jurisdiction is also only permissible when it comports with due process. See, e.g., *K–V Pharm. Co.*, 646 F.3d at 592.FN3 "Due process requires that a defendant have certain 'minimum contacts' with the forum state for personal jurisdiction to be exercised." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th Cir.2012) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). More specifically,

> Contacts with the forum state must be sufficient that requiring a party to defend an action would not "offend traditional notions of fair play and substantial justice." [*International Shoe Co.*, 326 U.S.] at 316, 66 S.Ct. 154, 90 L.Ed. 95 (internal quotation marks and citation omitted). "The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action

4

> of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (internal citations omitted).
>
> We developed a five-factor test to evaluate whether a defendant's actions are sufficient to support personal jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) [the state's] interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. See, e.g., *Precision Const. Co. v. J.A. Slattery Co., Inc.*, 765 F.2d 114, 118 (8th Cir.1985) (noting that the first three factors are of primary importance and the last two of secondary importance).

*Myers*, 689 F.3d at 911.

In the five-factor test, "[t]he third factor distinguishes between specific and general [personal] jurisdiction." *Myers*, 689 F.3d at 911. This is so, because "[s]pecific personal jurisdiction, unlike general jurisdiction, requires a relationship between the forum, the cause of action, and the defendant." *Id.* at 912.

The Eighth Circuit Court of Appeals has clarified that it does not adhere to a "proximate cause standard" for the required connection between the defendant's contacts with the forum and the plaintiff's cause of action. See *id*. Rather, [the Eighth Circuit has] said specific jurisdiction is warranted when the defendant purposely directs its activities at the forum state and the litigation "result [s] from injuries ... relating to [the defendant's] activities [in the forum state.]" *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir.2008). [The Eighth Circuit has] also emphasized the need to consider "the totality of the

5

circumstances in deciding whether personal jurisdiction exists[,]" *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592–93 (8th Cir.2011) (citing *Johnson*, 614 F.3d at 794). This stance is consistent with other circuits which have focused on the need to adopt a flexible approach when construing the "relate to" aspect of the Supreme Court's standard. See *Nowak [v. Tak How Invs., Ltd.*, 94 F.3d 708,] 716 [(1st Cir.1996)] ("By this approach, we do not intend to emphasize the importance of proximate causation, but to allow a slight loosening of that standard when circumstances dictate. We think such flexibility is necessary in the jurisdictional inquiry: relatedness cannot merely be reduced to one tort concept for all circumstances."). *Myers*, 689 F.3d at 913.

## **Discussion**

Defendant seeks dismissal of the Complaint on the ground that this Court lacks personal jurisdiction over him. Defendant notes that he lacks sufficient "minimum contacts" with Missouri to support "general" jurisdiction. Defendant argues that he not subject to the Court's jurisdiction under the Missouri Long Arm Statute, R.S.Mo § 506.500.1 and he lacks sufficient "minimum contacts," from which Plaintiff's claim arises, for the exercise of "specific" jurisdiction to be proper. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state...'" *Dairy Farmers*

*of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474–75 (8th Cir. 2012)(quoting *Miller v. Nippon Carbon Co., Ltd*, 528 F.3d 1087, 1091 (8th Cir. 2008). Specific personal jurisdiction can only be exercised by a federal court sitting in diversity case if authorized by the forum's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment. *Id.*

Specifically, Defendant argues that he has not purposely directed his activities to Missouri residents. The sole basis of Plaintiff's claim is the alleged statements of Defendant at a seminar in Texas and selling a VDV of the seminar on the internet.

There is no allegation that Defendant is licensed to conduct business within Missouri. There is no allegation that Defendant advertises within Missouri nor does Defendant send agents, representatives or employees to Missouri to conduct business on his behalf. The Complaint does not allege any contract with Defendant. Plaintiff woefully fails to present any concrete basis for this Court to exercise personal jurisdiction over Defendant pursuant to Missouri's long-arm statute.

With respect to a due process analysis, Defendant had no contacts with the State of Missouri. The Petition does not allege Defendant was licensed to do business in the state; Plaintiff does not allege Defendant advertised within the

state; there are no allegations that Defendant sent employees to the state; from the Petition, there are simply no allegations of presence within the State of Missouri. The only allegation is that Defendant's video is available for sale on the internet. Assuming the alleged posting is accessible through the internet in Missouri, this alone is entirely insufficient. *Zippo Mfg. Cp. v. Zippo Dot Com, Inc.* 952 F. Supp. 1119 (W. D. Pa. 1997).

Because Plaintiff cannot establish that Defendant had any qualifying contacts with the State of Missouri, the Court need not proceed with the remaining factors of the five part inquiry. [2]

Consideration of the relevant factors leads to the conclusion that, on this record, dismissal for lack of personal jurisdiction over Defendant is warranted.

## Conclusion

Plaintiff has failed to meet its "minimal" burden of proof to show any contacts with the State of Missouri to establish long-arm jurisdiction or to demonstrate that the factors weigh in favor of the exercise of personal jurisdiction over Defendant in this forum.

Accordingly,

---

[2] In that the Court concludes it does not have personal jurisdiction over Defendant, the Court need not address Defendant's argument that Plaintiff attempts to circumvent this Court's prior ruling in *Johnson v. Shomon*, 4:13CV1142 HEA.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, [Doc. No. 5], is granted.

**IT IS FURTHER ORDERED** that the Complaint is dismissed.

Dated this 1st day of August, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE